# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| VENICE PI, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>MARCUS BELL, RODNEY PIEPER, MITCHELL BOATWRIGHT, AND CARMEN ARRITT<br><br>Defendants. | Case No. 5:17-cv-00089-MFU<br><br>COMPLAINT<br><br>COPYRIGHT (17 U.S.C. §101) |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, Venice PI, LLC ("Venice"), by and through its undersigned counsel, for and as its Complaint against Defendants, alleges as follows:

### JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Law of the United States (17 U.S.C. §101 *et seq.*). As set forth in greater detail below, this action involves the unauthorized acquisition, copying and distribution of the copyrighted motion picture *Once Upon a Time in Venice* (2017) ("*Once Upon a Time in Venice*" herein) by each Defendant.

2. This Court has jurisdiction under 17 U.S.C. §101 et seq.; 28 U.S.C. §1331 (federal question); and 28 U.S.C. §1338(a) (copyright).

3. Venue in this District is proper under 28 U.S.C. §1391(b) and/or 28 U.S.C. §1400(a). Upon information and belief, each Defendant resides in this District, may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District.

4. On information and belief, personal jurisdiction in this District is proper because each Defendant, without consent or permission of Plaintiff as exclusive rights owner, within this District, reproduced, distributed and offered to distribute among others over the Internet the copyrighted *Once Upon a Time in Venice,* owned by Plaintiff. Plaintiff has used geolocation technology to trace the Internet Protocol ("IP") address of each Defendant to a point of origin within this District. On information and belief, each Defendant has an IP address based in this District and resides in or committed copyright infringement in this District.

5. In the alternative, this Court has personal jurisdiction over non-resident Defendants, if any, under the Virginia long-arm statute, Va. Code § 8.01-328.1, because they downloaded copyrighted content from or uploaded it to Virginia residents located in this District, thus committing a tortious act within the meaning of the statute.

## THE PARTIES

THE PLAINTIFF

6. Plaintiff Venice is a Nevada Limited Liability Company with principal offices in Los Angeles, California and an affiliate of Voltage Pictures, a production company with a notable catalog of award winning major motion pictures. www.voltagepictures.com.

7. Plaintiff is the owner of the copyright and/or the pertinent exclusive rights under copyright in the United States in *Once Upon a Time in Venice*, which has been unlawfully distributed over the Internet by Defendants.

## THE DEFENDANTS

8. The Defendants identified herein as Does 1-15 are currently known by their respective Internet Protocol ("IP") addresses that were each observed by Plaintiff's investigator, Maverickeye, (www.maverickeye.de) as distributing Plaintiff's motion picture.

9. Through geolocation, the IP addresses used by the Defendants have been traced to the State of Virginia and this judicial district.

10. Each Defendant has been observed and confirmed as distributing Plaintiff's motion picture and other copyrighted content persistently and consistently on hundreds of occasions over an extended period of several months.

11. In addition to Plaintiff's motion picture *Once Upon a Time in Venice*, certain of the Doe Defendants have been observed and confirmed to be actively distributing other copyrighted titles.

12. The Defendants' IP addresses have been observed associated with the distribution of numerous other copyrighted titles.

13. The volume of activity and titles associated with each Defendant's IP address indicates that each Defendant is likely the primary subscriber or someone who resides with the subscriber as such activity indicates each Defendant is an authorized user of the IP address with consistent and permissive access.

14. The volume of activity and titles associated with Defendants' IP addresses indicates that no Defendant is a young child.

15. More than 30 days prior to filing the present suit certain of the Defendants were sent one or more notices pursuant to 17 U.S.C. 512(a), a/k/a DMCA Notice, informing such Defendants of the wrongful nature of their conduct and requesting they terminate their infringing activity.

16. Despite such notice certain Defendants persisted in infringing the rights of Plaintiff and others, including the repeated selection, download and distribution of new content in violation of the Copyright Act and continues to do so as of the filing of this Complaint.

17. Each Defendant's IP address was at that time of observed infringement managed by Internet Service Provider ("ISP") Comcast, who on information and belief generally assigns an IP address to a single party for extended periods of time, often for months, and provides Wi-Fi systems with notable pre-installed

security and passwords.

18. Upon information and belief, Comcast provides notices and information to its customers about the importance of security, informing them that they are responsible for the activity associated with their account and cautioning subscribers against allowing third party or non-authorized access.

19. The records maintained by Comcast has identified each Defendant as the subscriber who contracted with the ISP for service who in turn is likely to be the infringer.

20. The names of each Defendant was provided to Plaintiff by Comcast based upon their assigned Internet Protocol ("IP") address at the time at which the infringing activity of each Defendant was observed. Plaintiff further believes that additional information obtained will lead to the identification of additional infringing parties, as monitoring of online infringement of *Once Upon a Time in Venice* is ongoing.

## **ALLEGATIONS**.

21. *Once Upon a Time in Venice* is a motion picture released in June of 2017 about a private investigator who must follow a bizarre and comic path to recover his stolen dog.

22. *Once Upon a Time in Venice*, produced under the working title *Going Under*, is protected by the Copyright Act and registrations including

TXu001968528, June 25, 2015 and the pending application dated January 23, 2017.  Exhibit A.

23.  Under The Copyright Act, Venice is the proprietor of copyrights and related interest needed to bring suit.

24.  *Once Upon a Time in Venice* contains wholly original material that is copyrightable subject matter under the laws of the United States.

25.  Defendants had notice of plaintiff's rights through general publication and advertising and more specifically as identified in the content of *Once Upon a Time in Venice*, advertising associated therewith and copies, which bore a proper copyright notice.

26.  Venice comes to court seeking relief as the motion picture *Once Upon a Time in Venice,* is being pirated and trafficked in the BitTorrent network and is being illegally downloaded and distributed countless times worldwide with many confirmed instances of infringing activity traced to the Western District of Virginia.

27.  The Defendants are currently known by an assigned Internet Protocol ("IP") address that was observed by Plaintiff's investigator, Maverickeye, as distributing *Once Upon a Time in Venice*.

28.  Through geolocation, the IP addresses used by the Defendants have been traced to the Commonwealth of Virginia and this judicial district.

## PEER-TO-PEER INTERNET PIRACY IN GENERAL

### *Operation*

29. BitTorrent, also known as peer-to-peer file sharing, has become one of the most common systems for users to illegally dispense and share huge amounts of data in digital format, including motion pictures.

30. The BitTorrent protocol enables computers to exchange large files (such as motion pictures) without creating a heavy workload for any individual source/computer. It allows users to interact directly with each other to: (1) make files stored on a user's computer (e.g., motion pictures) available for copying by other users; (2) search for files stored on other computers; and (3) transfer exact copies of files from one computer to another over the Internet.

31. The use of BitTorrent requires multiple intentional acts. A user must load specific software, use the software to join the network, search for a file, and then select the file they wish to download. As each user or peer joins the network and requests a copy of a file, they form a type of social contract to not only download the file, but to be a part of the network to allow the file to be downloaded by others. Each new peer requesting the file receives pieces of the data from each peer who already has downloaded the file, and then in turn makes that content available to others.

32. Since the BitTorrent protocol also generally limits a peer's ability to download unless he or she also uploads or shares, there is substantial incentive for

each peer to remain online and continue to make files available for other peers to download because this will maximize his or her download speed and access to additional content.

33. The Defendants in this action have been observed as making *Once Upon a Time in Venice* available to others in furtherance of the BitTorrent network.

### *The Business of Piracy*

34. Internet piracy and in particular BitTorrent piracy, though known as peer-to-peer file sharing, is often a for-profit business as many software clients, torrent sites and networks generate millions of dollars in revenue through sales and advertising.

35. To increase the value of the advertising and sometimes subscription access sold by torrent sites, many parties work to expand the pool of available titles and speed of downloads available by increasing the number of member peers and thus the desirability of their clients and networks. To accomplish this they often reward participants who contribute by giving them faster download speeds, greater access, or other benefits.

36. Defendants' participation in the BitTorrent exchange of *Once Upon a Time in Venice* is the type of activity that torrent sites use to promote their business and likely directly furthered the for-profit business of at least one torrent site.

37. Many parties, and possibly on or more of the Defendants, have been

compensated for their participation in expanding the availability of pirated content to others through BitTorrent networks, including *Once Upon a Time in Venice*, even if only through being granted greater access to other pirated content.

38. The use of BitTorrent does more than cause harm through the simple theft of intellectual property. The BitTorrent distribution of pirated files is a model of business that profits from theft through sales and advertising and provides a system of rewards and compensation to the participants, each of whom contribute to and further the enterprise.

39. Based on activity observed associated with the Defendants' IP addresses, one or more of the Defendants are prolific proponents of the BitTorrent distribution system advancing the BitTorrent economy of piracy.

### *Harm to Plaintiff and Others*

40. Digital piracy, including BitTorrent piracy costs the entertainment industry over $80 billion per year.

41. Nationwide the film and television industry supports over 1.9 million workers and contributes over $19.3 billion in taxes.

42. As noted by Senator Levin in Congressional hearings on peer-to-peer Internet piracy, "In the world of copyright law, taking someone's intellectual property is a serious offense, punishable by large fines. In the real world, violations of copyright law over the Internet are so widespread and easy to

accomplish that many participants seem to consider it equivalent to jaywalking – illegal but no big deal. But it is a big deal. Under U.S. law, stealing intellectual property is just that – stealing. It hurts artists, the music industry, the movie industry, and others involved in creative work. And it is unfortunate that the software being used – called 'file sharing' as if it were simply enabling friends to share recipes, is helping create a generation of Americans who don't see the harm."

43. The citizens of Virginia have a vested interest in protecting copyrights and in particular fighting against piracy of film content as the industry provides over 12,300 direct jobs and $632 million in wages to its citizens. See generally, http://www.film.virginia.org; http://www.mpaa.org/jobs-economy/.

44. The impact of piracy is far greater than the mere loss of a single sale or loss due to the distribution of one copy of a motion picture. Piracy undermines the economy, job base, and tax base on which our citizens rely and promotes a general disregard for the rights of others and the law.

45. As such it is clear that giving effect to 17 U.S.C. §§ 101 et seq., and the enforcement of intellectual property rights, and in particular the fight against counterfeiting and piracy are critical issues of importance to the both the United States of America and the State of Virginia.

## COUNT I

## COPYRIGHT INFRINGEMENT

46. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs.

47. Defendants, without the permission or consent of Plaintiff, copied and distributed *Once Upon a Time in Venice* through a public BitTorrent network.

48. Defendants' actions infringed Plaintiff's exclusive rights under The Copyright Act.

49. The conduct of Defendants have been with notice, willful, intentional, in disregard of and indifferent to Plaintiff's rights with the intent to cause Plaintiff harm and deprive Plaintiff of royalties and the benefit of Plaintiff's copyrights.

50. As a direct and proximate result of the Defendants' conduct, Plaintiff's exclusive rights under 17 U.S.C. § 106 have been violated.

51. Plaintiff is entitled to damages pursuant to 17 U.S.C. § 504 and attorney fees and costs pursuant to 17 U.S.C. § 505.

52. The conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury.

53. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendants from further contributing to the infringement of Plaintiff's copyrights, the economy of piracy, and ordering that Defendants

destroy all copies of *Once Upon a Time in Venice* made in violation of Plaintiff's rights.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against each Defendant and relief as follows:

A. For a finding each Defendant willfully infringed Plaintiff's rights;

B. For entry of permanent injunction enjoining each Defendant from direct, indirect or contributory infringement of Plaintiff's rights, except pursuant to a lawful license or with the express authority of Plaintiff. And further directing each Defendant to destroy all unauthorized copies of *Once Upon a Time in Venice*;

C. For entry of permanent injunction enjoining each Defendant from supporting the BitTorrent economy of piracy by enjoining each Defendant from direct, indirect or contributory infringing file sharing in violation of U.S. copyright law;

D. Damages pursuant to 17 U.S.C. § 504;

E. For Plaintiff's reasonable costs and attorney fees pursuant to 17 U.S.C. § 505; and

F. For such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury

DATED: February 22, 2018                    Respectfully submitted,


                                                 By:    /s/Dale R. Jensen
                                                       Dale R. Jensen (VSB 71109)
                                                       Dale Jensen, PLC
                                                       606 Bull Run
                                                       Staunton, VA  24401
                                                       (434) 249-3874
                                                       (866) 372-0348 facsimile
                                                       djensen@dalejensenlaw.com
                                                       Counsel for Venice PI, LLC